UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

HANAN A.,

              Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

             Defendant.

CASE NO. 2:23-cv-01617-GJL

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 3. This matter has been fully briefed. *See* Dkts. 7, 12, 13.

After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") harmfully erred by: (1) finding that Plaintiff's right knee osteoarthritis was not a severe impairment and (2) rejecting Plaintiff's testimony. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

## I.     PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) was denied initially and following reconsideration. Administrative Record ("AR") 86, 99.

Plaintiff's first hearing was held before ALJ Larry Kennedy ("ALJ Kennedy") on April 23, 2018. AR 60–85. On November 13, 2018, ALJ Kennedy issued a written decision in which he concluded that Plaintiff was not disabled pursuant to the Social Security Act. AR 113–135. The Appeals Council reversed ALJ Kennedy's decision on July 10, 2019. AR 137–39.

A second hearing was held before ALJ Howard Prinsloo ("the ALJ") on May 14, 2020. AR 34–56. On June 19, 2020, the ALJ again found Plaintiff not disabled. AR 10–33. Plaintiff filed a Complaint in this district seeking judicial review of the decision on November 25, 2020. AR 1793. Magistrate Judge Theresa L. Fricke reversed and remanded the case pursuant to a stipulation by the parties on September 27, 2021. While Plaintiff's appeal was pending, Plaintiff filed a separate application for benefits, and was found to be disabled as of December 11, 2020. AR 1802.

The final hearing was held before the ALJ on February 28, 2023. AR 1742–59. The ALJ found that Plaintiff was not disabled prior to December 11, 2020. AR 1711–41. Plaintiff appealed the ALJ's decision, filing a Complaint in this Court on October 20, 2023. Dkt. 1. Defendant filed the sealed administrative record regarding this matter on December 19, 2023. Dkt. 5.

//

## II. BACKGROUND

Plaintiff was born in April 1960 and was 56 years old on the alleged date of disability onset of July 5, 2016. AR 1732, 1952. Plaintiff has a college education and has not worked since she moved to the United States in 2001. AR 2038, 2042. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of major depressive disorder and anxiety disorder. AR 1717. However, the ALJ found Plaintiff was not disabled because she had the following RFC:

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is limited to simple, routine tasks with short, simple instructions that can be learned in a short period. She can work in proximity to coworkers, but not in a cooperative or team effort. She can have no more than superficial interaction with coworkers. Contact with the general public should only be superficial or incidental.

AR 1722.

## III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ erred in finding that Plaintiff's right knee osteoarthritis was not a severe impairment at step two; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the ALJ properly evaluated the medical evidence. Dkt. 7 at 1–2.

//

A.   **Step Two Evaluation**

The medical severity of a claimant's impairments is considered at step two. 20 C.F.R. § 404.1520(a)(4)(ii), § 416.920(a)(4)(ii). An impairment is not considered to be "severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c); Social Security Ruling ("SSR") 96-3p. "[O]nce a claimant presents evidence of a severe impairment, an ALJ may find an impairment or combination of impairments 'not severe' at step two 'only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (quoting *Webb v. Barhnart*, 433 F.3d 683, 686 (9th Cir. 2005)).

The ALJ must consider all limitations and restrictions when formulating the RFC, even those stemming from impairments that are not "severe*" See Buck v. Berryhill,* 869 F.3d 1040, 1049 (9th Cir. 2017); 20 C.F.R. § 404.1520(e). For this reason, the RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not" at step two, and so, ordinarily, a finding that an impairment is not severe at step two is harmless error. *Buck*, 869 F.3d at 1049.

Here, the ALJ acknowledged evidence of osteoarthritis in Plaintiff's right knee but found it to be "a non-severe impairment that does not result in functional limitations." AR 1766. The ALJ cited records where Plaintiff exhibited normal range of motion and strength in her knee and an x-ray which showed only "mild" osteoarthritis. AR 1766 (citing AR 1418, 1431–32, 1448, 1456, 1485, 1489–90, 1635).

Plaintiff argues that the ALJ improperly focused on records with negative findings, ignoring other records showing Plaintiff's knee pain significantly limits her ability to do basic work activities. Dkt. 7 at 4. Plaintiff argues that findings of normal range of motion and strength

are not determinative, as these appeared even when Plaintiff went to urgent care for knee pain and exhibited joint tenderness and "a mildly positive McMurray's test, which is used to determine the presence of a meniscal tear within the knee." *Id.* (citing AR 1421, 1431). Plaintiff points to several other records showing complaints of knee pain and knee tenderness as early as 2015, along with an opinion from state agency medical consultant Dr. Wayne Hurley that Plaintiff was limited to light work, in part due to an x-ray showing mild osteoarthritis in December 2020. Dkt. 7 at 4–5 (citing AR 673–75, 1411, 1422, 1431); Dkt. 13 at 3 (citing AR 1811). Plaintiff notes that this x-ray showed the same degeneration as another x-ray taken in 2018. *Id.* (citing AR 1422, 1996).

Other records similarly indicate that Plaintiff was significantly impaired by knee pain for at least some of the July 2016–December 2020 period. *See* AR 2012 (January 2021 examination noting "the right knee has been bothering her for many years [. . .] the pain is persistent throughout the day and is worse with stairs"); AR 2037 (September 21 examination noting "Her knees have been bothering her for more than five years now. Knee pain is more severe on the right").

This evidence is sufficient to pass the "de minimis threshold of step two." *Glanden v. Kijakazi*, 86 F.4th 838, 844 (9th Cir. 2023) (citing *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (severe impairment where "the doctors' reports and tests usually corresponded with the afflictions [plaintiff] perceived" and where the case did not involve a "total absence of objective evidence of severe medical impairment.")).

The ALJ erred in finding Plaintiff's right knee osteoarthritis to not be a severe impairment. The Court cannot conclude that any step two error is harmless because, at step four,

1  the ALJ declined to account for any limitations associated with Plaintiff's right knee in

2  conjunction with her RFC. AR 1722.

3  **B.      Plaintiff's Testimony**

4  Plaintiff also argues that the ALJ erred by not giving "specific, clear and convincing"

5  reasons for discounting Plaintiff's testimony regarding her mental impairments. Dkt. 7 at 8

6  (citing *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). This Court agrees.

7  Plaintiff testified that the main reason she cannot work is because her anxiety and

8  depression interfere with her sleep, causing severe fatigue. AR 74–75. She testified that she

9  sleeps between three to four hours a night, at most, and does not sleep during the day. AR 73.

10 According to Plaintiff, the resulting fatigue creates physical limitations, like an inability to do

11 chores or walk for extended periods, as well as mental limitations, such as poor memory and

12 concentration. AR 45, 73, 1750–51, 54.

13 First, the ALJ found that Plaintiff's testimony conflicted with her daily activities. AR

14 1723. The ALJ noted that Plaintiff "remained capable of sustaining a daily routine, caring for her

15 personal hygiene, preparing meals, driving, attending medical appointments, shopping in store,

16 handling money, participating in social activities, and getting along with authority figures." AR

17 1723 (citing AR 294–301, 313–320, 321–22). But in both live testimony and her function report,

18 Plaintiff included various caveats and limitations on her daily activities for the Commissioner's

19 consideration. Despite citing these very records, the ALJ appeared to ignore this critical context,

20 accounting only for the bottom-line list of activities.

21 Plaintiff testified that her children usually shop at the store for her, and that when she

22 does go to the store herself, she forgets what she needs due to poor memory. AR 297, 1751.

23 Plaintiff stated that usually she can feed and dress herself but needs reminders from her children

24

ORDER ON PLAINTIFF'S COMPLAINT - 6

to bathe, take medicine, and eat. AR 296, 1752. Although she occasionally leaves the house for doctors' appointments, shopping, and conferences with her children's teachers, she generally spends most of her time sitting on the couch at home. AR 1751–52. Plaintiff can perform some household chores, but only in intervals of a few minutes at a time and with frequent rest. AR 44, 1751, 1754.

When considering these activities as Plaintiff performed them, they do not contradict her testimony. *See Tianna B. v. Kijakazi*, No. 4:20-CV-5125-EFS, 2022 WL 17224486, at *9 (E.D. Wash. Mar. 15, 2022) ("But, the same function report cited by the ALJ put caveats on many of those activities, such as explaining that the Plaintiff received a lot of assistance around the house … Plaintiff's ability to occasionally engage in these basic activities, often with difficulty, is not a clear and convincing reason for discounting Plaintiff's symptom reports"); *see also Alexander M. v. Commissioner of Social Security*, No. C21-254-BAT, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) ("There is no indication in the record Plaintiff engaged in any of these activities at a frequency or degree contradicting Dr. Bartels' opinions."). The ALJ erred by disregarding Plaintiff's testimony because of her activities of daily living.

Second, the ALJ found that Plaintiff's mental health treatment was "largely routine and conservative in nature." AR 1721. This was not a valid reason to discredit Plaintiff. As the Commissioner acknowledges, Plaintiff received outpatient therapy and psychotropic medication until at least 2019. Dkt. 12 at 5 (citing AR 399–422, 432, 438, 448–63); *see* AR 1988, 1990, 2005 (listing Duloxetine and Cymbalta as prescribed medications). This type of mental health treatment is generally not viewed as conservative. *Delores A. v. Berryhill*, No. ED CV 17-254-SP, 2019 WL 1330314, at *6 (C.D. Cal. Mar. 25, 2019) (collecting cases).

Finally, the Commissioner argues that Plaintiff's testimony was properly discounted because the ALJ identified a contradiction between testimony about her knee pain and the medical record. Dkt. 12 at 4. This would not have been a valid reason for the ALJ to reject testimony unrelated to Plaintiff's knee pain, such as the testimony regarding Plaintiff's mental health and fatigue. *See Brandon H. v. Acting Comm'r of Soc. Sec.*, No. 3:23-CV-5044-TLF, 2023 WL 6842676, at *2 (W.D. Wash. Oct. 17, 2023) (inconsistencies identified by the ALJ must be specific to the discounted testimony); *but see Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) ("lack of candor" about substance abuse and work history "carried over" to discredit other statements the claimant made).

**C.    Assessment of Medical Opinions**

Plaintiff also argues that the ALJ erred by rejecting the opinions of Drs. Havellana and Yun. The Court has reviewed Plaintiff's arguments but declines to reach them as the Court has already determined that remand is necessary, and Plaintiff's RFC must be reevaluated for the reasons given above. *See* Social Security Ruling 96-8p, (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective").

### IV.    CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the

//

ORDER ON PLAINTIFF'S COMPLAINT - 8

Commissioner for further consideration consistent with this Order. The Clerk is directed to enter judgment for Plaintiff and close the case.

Dated this 23rd day of July, 2024.

Grady J. Leupold
United States Magistrate Judge